UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 03-67-DCR |
| | ) | Civil Action No. 6: 08-7024-DCR |
| V. | ) | |
| | ) | |
| ROY DEAN WOODS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant/Petitioner Roy Dean Woods' *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 135] Consistent with local practice, this matter was referred to United States Magistrate Judge Hanly A. Ingram for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge filed his Recommended Disposition on July 8, 2011. [Record No. 158] Based on his review of the record and applicable law, the magistrate judge recommended that Woods' motion be denied.

This Court makes a *de novo* determination on those portions of the magistrate judge's recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(c). Having done so, the Court is in agreement with the magistrate judge's recommendation, and will deny Woods' motion.

-1-

**I.**

Woods was indicted on October 23, 2003, for: (i) being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 942(e)(1); and (ii) receiving a firearm and ammunition while being under indictment for a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(n). [*See* Record No. 10.] After a two-day trial, a jury found Woods guilty of both offenses. [Record No. 53] Woods was sentenced on August 2, 2004. [Record No. 92]

At sentencing, Woods' counsel objected to, among other things, the section of the Presentence Report ("PSR") that recommended application of the armed-career-criminal ("ACCA") enhancement.[1] [Record No. 104, pp. 8–10] In particular, he argued that Woods' 1996 and 2001 convictions for Burglary in the Third Degree should not qualify as predicate offenses for the ACCA enhancement because the court would have to examine their underlying circumstances to determine whether they were violent crimes. After considering counsel's arguments, the Court concluded that Woods' convictions did constitute violent crimes and that he qualified as an armed career criminal. [*Id.*, p. 36] Under § 4B1.1 of sentencing guidelines, Woods offense level was a 33. *See* USSG § 4B1.1. The Court also

---

1     Prior to trial, the United States filed a notice specifying Woods as an armed career criminal, pursuant to 18 U.S.C. § 924(e) and § 4B1.4(a) of the United States Sentencing Guidelines Manual ("USSG"). [Record No. 17] The United States' notice listed four prior convictions as predicates for the career-criminal designation: (i) a February 8, 2001 state-court conviction for two counts of Burglary in the Second Degree (with the offenses occurring on November 30, 1998, at two separates residences); (ii) another February 8, 2001, conviction for Burglary in the Second Degree (with a separate case number, and offense occurring on December 4, 1998); (iii) a third February 8, 2001, conviction, but for Burglary in the Third Degree (with another unique case number, and offense occurring on December 1, 1998); and (iv) an October 30, 1996, conviction for Burglary in the Third Degree.

found that Woods possessed the firearm in connection with a crime of violence — wanton endangerment — so it increased his offense level to 34. *See* USSG § 4B1.4(b)(3)(A). Finally, the Court departed upward one level because Wood's criminal history category substantially under-represented the seriousness of his past conduct. With a criminal history category of VI, Woods' guideline range was 292 to 365 months. The Court sentenced Woods to a term of imprisonment of 365 months on count one, and 60 months imprisonment on count two, to be served concurrently.

Woods timely appealed his sentence. The Sixth Circuit affirmed, stating, in relevant part, that it was "reasonable for the district court to conclude that Woods's prior burglary conviction could be used to enhance his sentence under the ACCA and that the offenses of conviction were committed in conjunction with a crime of violence." *United States v. Woods*, No. 04-5922/5956 (6th Cir. Oct. 28, 2005). The Sixth Circuit also affirmed the upward departure based on under-representation of Woods' criminal history. *Id.* On October 2, 2006, the Supreme Court denied Woods' petition for a writ of certiorari. [Record No. 135, p. 2]

On June 30, 2008, Woods filed the present motion under § 2255 seeking to vacate, set aside, or correct his sentence. His motion was untimely, but the magistrate judge originally assigned to the case found that Woods was entitled to equitable tolling and allowed the motion to be filed. [Record No. 147] In his § 2255 motion, Woods argued that his trial and appellate counsel were constitutionally ineffective for the following three reasons: (1) they failed to argue that the government did not meet its burden in proving that Woods' prior

convictions qualified as predicates for the ACCA enhancement; (2) they failed to argue that counts one and two of the indictment were multiplicitous, in violation of the Double Jeopardy Clause; and (3) they failed to object to the one-level upward departure imposed at sentencing, which Woods also contends violated the Double Jeopardy Clause.

On July 8, 2011, Magistrate Judge Ingram issued his Recommended Disposition. [Record No. 158] Concerning Woods' allegation of ineffective assistance relating to the ACCA enhancement, the magistrate judge held that he need not consider whether counsel committed error because Woods failed to show prejudice to his defense. Because three of Woods' four prior convictions were proper predicates, any failure by counsel to properly discount the fourth did not alter Woods' sentence. The magistrate judge also concluded that Woods' indictment did not violate the Double Jeopardy Clause and, therefore, counsel's failure to argue that it did was neither error nor prejudicial. Finally, the magistrate judge concluded that Woods was barred from relitigating the departure issue through an ineffective-assistance claim. The Sixth Circuit considered that issue on direct appeal and rejected Woods' argument. Therefore, the magistrate judge reasoned, Woods was barred from presenting the same claim in a § 2255 motion.

On August 1, 2011, Woods filed his objections to the magistrate judge's Recommended Disposition.[2] [Record No. 159] While difficult to interpret at times, Woods'

---

2   Woods' objections were due on July 25, 2011. However, Woods asserts that he mailed his objections on July 24, 2011. Pursuant to the prison mailbox rule, his objections are considered filed on the date they were signed and handed over to prison officials for mailing. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Thus, his objections are considered timely.

objections are entitled to liberal construction. *Sellers v. Morris*, 840 F.2d 352, 355 (6th Cir. 1988) (extending the rule of liberal construction to *pro se* objections to magistrate judge recommendations in habeas actions). Viewed liberally, his objections raise three issues. First, Woods maintains that his prior convictions were not proper ACCA predicates and that his counsel was inadequate for failing to further argue the point. Woods' second objection relies on the same argument — that his prior convictions should not be counted under the ACCA — but contends that, as a result, his sentence violated the Due Process Clause. Third, Woods argues that his indictment was multiplicitous and that his counsel was ineffective for failing to raise the issue. For the reasons explained below, Woods' objections are not tenable. Therefore, the Court will adopt the magistrate judge's recommendation.

## II.

### A. Due Process Clause

As a preliminary matter, Woods is procedurally barred from raising new issues in his objections that were not raised in his original petition. *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) (holding that a party is not permitted to raise a new argument, for the first time, in objections to a Report and Recommendation and that failure to raise the argument before the Magistrate Judge constitutes waiver of the same); *Marr v. Foy*, No. 1:07-908, 2010 U.S. Dist. LEXIS 77925, at *10 (W.D. Mich. Jan. 4, 2010) ("It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a district judge that was not fairly presented to the magistrate judge."). The Magistrates Act was not intended "to give litigants an opportunity to run one version of their

case past the magistrate, then another past the district court." *Greenhow v. United States*, 863 F.2d 633, 638–39 (9th Cir. 1988), *rev'd on other grounds sub nom. United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992). Woods' argument concerning the Due Process Clause is new at this stage. He did not raise it in his original § 2255 petition. As a result, the Court need not consider it at this point in litigation. *See Murr*, 200 F.3d at 902.

### B. Ineffective Assistance of Counsel

Woods' remaining objections pertain to his ineffective-assistance-of-counsel claims. To establish ineffective assistance of counsel, Woods must demonstrate, two essential elements: (1) his attorney's performance was deficient, *i.e.*, below the standard of competence demanded of attorneys in criminal cases; and (2) his attorney's deficient performance prejudiced the defense, *i.e.* deprived the defendant of a fair trial rendering the outcome of the trial unreliable. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). He has failed to do so here.

#### 1. ACCA Enhancement

Woods' central objection is that the magistrate judge erred in his discussion of the ACCA enhancement. The magistrate judge found that any errors that may have been committed by Woods' counsel did not prejudice his defense because the enhancement was proper in any event. Woods disagrees. He argues that he did suffer prejudice because the ACCA enhancement was improper: the government failed to meet its burden of showing that his prior convictions were violent felonies within the meaning of the ACCA. Woods presents three theories to support his contention. First, he argues that the government did not prove

his conviction for Burglary in the Third Degree involved a dwelling and, therefore, according to Woods, it fails to meet the statutory definition of a violent felony. Second, he argues that the government did not show that his crime involved an element of physical force or violence. Third, Woods argues that his convictions cannot count as ACCA predicates under the Sixth Circuit's holding in *United States v. Bernal-Aveja*, 414 F.3d 625 (6th Cir. 2005). However, each of Woods' arguments is unpersuasive.

First, in addressing Woods' objections, it is important to appropriately narrow the analysis. The government relied on four prior convictions to contend that Woods qualified for the ACCA enhancement. Two of those convictions were for Burglary in the Second Degree, which unquestionably constitute ACCA predicates. *See* Ky. Rev. Stat. ("KRS") § 511.030 ("A person is guilty of burglary in the second degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a dwelling."). Thus, only *one* of the remaining two convictions needs to be a proper ACCA predicate offense to compel application of the enhancement. *See* 28 U.S.C. § 924(e) (requiring three predicate convictions to qualify for enhancement). In this case, the magistrate judge correctly concluded that Woods' 1996 burglary conviction was properly counted as a violent felony, so it is irrelevant whether his 2001 conviction also qualified. The entirety of Woods' objections appear to relate to the inclusion of his 2001 burglary conviction, which is unnecessary to the Court's conclusion. However, Woods does not specifically say that his objections are narrowed to his 2001 conviction. Thus, construing his objections liberally, the Court will consider whether his 1996 conviction was properly counted.

In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court set out the test for determining whether a conviction under a state burglary statute qualifies as a "violent felony" under the ACCA.[3] The Supreme Court explained that "a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599.[4] When conviction under a state statute requires proving each of those elements, it is known as a "generic burglary." *Id.*

---

3   18 U.S.C. § 924(e) defines "violent felony" as:

any crime punishable by imprisonment for a term exceeding one year. . . that--
(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; **or**
(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B) (emphasis added). At one point, Woods argues that the government failed to meet its burden in proving that his convictions were ACCA predicates because they failed to show that his crimes "involved any purposeful, violent, [or] aggressive conduct." [Record No. 159, p. 13 (citing *United States v. Varhook*, 2011 U.S. App. LEXIS 7884 (6th Cir. 2011).)] However, this argument misses the mark. Principally, it ignores the all-important "or" between subsections (i) and (ii). When the government argues that a prior conviction is a "burglary" under subsection (ii), it need not make any arguments concerning the element of force under subsection (i). Thus, Woods' objection that the government failed to prove the element of force is misplaced, because neither the sentencing court nor the magistrate judge in his recommendation relied on that element. The question is whether his conviction constitutes a "burglary" as that word is used in subsection (ii).

4   At this point, it is important to note that violation of any statute which criminalizes breaking into "a building or structure" qualifies as a "generic burglary" for ACCA purposes. *Taylor*, 495 U.S. at 599. *Taylor* does not require, as Woods argues, for the crime to involve a *dwelling*. As the magistrate judge pointed out, Woods is likely confusing the elements for a "crime of violence" under USSG § 4B1.1 and "violent felony" under the ACCA and USSG § 4B1.4. For a burglary to qualify as a "crime of violence" under § 4B1.1, it must involve a "dwelling." *See United States v. McFalls*, 592 F.3d 707, 714 (6th Cir. 2010). However, the scope of generic burglary under the ACCA is broader, only requiring entry into a "building or structure." *Taylor*, 495 U.S. at 598–99. Thus, Woods' argument that the United States stipulated that his conviction (whether 1996 or 2001) did not involve a "dwelling" does not bear on whether it qualified as a violent felony under the ACCA.

-8-

Typically, when determining whether a prior conviction qualifies for the ACCA enhancement, courts should "look only to the fact of conviction and the statutory definition of the prior offense." *Id.* at 602. This is known as the "categorical approach." *Id.* However, in some cases, burglary statutes punish a range of conduct broader than that which constitutes generic burglary under *Taylor*. For instance, KRS § 511.040 — Burglary in the Third Degree — provides that a person commits burglary "when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a building." KRS § 511.040(a). On its surface, the statute appears to require proof of each of the *Taylor* elements for "generic burglary." But the statute defines a "building" as "any structure, vehicle, watercraft or aircraft: (a) [w]here any person lives; or (b) [w]here people assemble for purposes of business, government, education, religion, entertainment or public transportation." KRS § 511.010. Thus, the statute punishes both conduct which is a violent felony — *i.e.*, entering a structure with intent to commit a crime — and conduct which is not — *i.e.,* entering a watercraft with intent to commit a crime. *See Shepard v. United States*, 125 S. Ct. 1254, 1257–58 (2005) (explaining that entry into boats or cars would not qualify as "burglary" under § 924(e)). In cases such as these, the "categorical approach" will not work. *Taylor*, 495 at 602; *see also United States v. Ford*, 560 F.3d 420, 421–22 (6th Cir. 2009). In those cases, the Court may look beyond the statute of conviction to the underlying documents to determine whether the jury necessarily convicted the defendant of a violent crime. "If it is possible to violate a criminal law in a way that amounts to a [violent felony] and in a way that does not, [the court] may look at the indictment, guilty plea and similar documents to

see if they 'necessarily' establish the nature of the prior offense." *Ford*, 560 F.3d at 422 (quoting *Shepard*, 544 U.S. at 26.).

Regarding Woods' 1996 conviction under KRS § 511.040, the Court looks to the indictment, guilty plea, and other documents to determine whether he necessarily admitted to the burglary of a structure or building. *Id.*; *Taylor*, 495 U.S. at 599. Woods pled guilty to the offense charged: burglary in the third degree.[5] The note accompanying this conviction in his presentence investigation report ("PSR") states:

> Review of the Indictment relates that on December 11, 1995, Woods "committed the offense of Burglary (3rd Degree) by knowingly and unlawfully entering a building owned by Morton Perks with the intent to commit a theft" and stole four stereo speakers that were valued in excess of $300.00.

(PSR, p. 15). Woods did not object to these fact statements. "[I]f the defendant fails to object to fact statements in the presentence investigations report (PSR) establishing that a prior offense was a violent felony conviction, the government need not introduce at sentencing the documentary evidence that *Taylor* and *Shepard* otherwise require." *United States v. Reliford*, 471 F.3d 913, 916 (8th Cir. 2006) (cited with approval by *United States v. Washington*, 271 F. App'x 485, 488–89 (6th Cir. 2008)).

---

5 Woods argues in his objections that his conviction cannot count as an ACCA predicate under the Sixth Circuit's holding in *Bernal-Aveja*. 414 F.3d at 628. *Bernal-Aveja* concerned the problem that arises when a sentencing court looks to the indictment for the purpose of determining whether a prior conviction qualifies as a crime of violence under USSG § 2L1.2, but the defendant pled guilty to a lesser offense than that charged in the indictment. *Bernal-Aveja,* 414 F.3d at 628. In those cases, because the defendant "did not plead guilty to, and therefore was not actually convicted of, the . . . charge in the indictment, the indictment alone is insufficient to meet the government's burden of proving that [the defendant] was previously convicted of a 'crime of violence.'" *Id.* In other words, when the defendant pleads guilty to conduct other than that charged in the indictment, a sentencing court cannot use the prior indictment alone to determine the violent character of the conduct he pled guilty to. However, *Bernal-Aveja* is inapplicable to Woods' 1996 conviction, because he pled guilty to the crime charged in the indictment.

Looking to the available documents — including the PSR's not-objected-to summary of the indictment — Woods' 1996 conviction was a "violent felony" under § 924(e). *See United States v. Gaines*, 227 F. App'x 487, 490 (6th Cir. 2007) (noting that a sentencing court may look to the charging document when determining whether a prior conviction qualifies as a predicate offense under the ACCA). Woods pled guilty to entering a building with the intent to commit a crime. Thus, he pled guilty to each of the essential elements of a burglary, as defined by *Taylor*. *See United States v. Pluta*, 144 F.3d 968, 975 (6th Cir 1998). As a result, Woods' 1996 conviction for burglary in the third degree is properly counted as a predicate for ACCA enhancement. Therefore, the 1996 conviction, together with Woods' two second-degree burglary convictions, was sufficient to support the ACCA enhancement.

Whereas the Court properly enhanced Woods' sentence under the ACCA, any argument his counsel failed to make regarding the enhancement, either at sentencing or on appeal, did not prejudice his defense. Woods has failed to meet the second prong of *Strickland*, and his ineffective-assistance claim relating to the ACCA enhancement will be denied.

### 2. Double Jeopardy

Woods also objects to the magistrate judge's findings regarding whether the indictment was multiplicitous and thus ran afoul of the Fifth Amendment's Double Jeopardy Clause. The magistrate judge applied the well-settled test from *Blockburger v. United States*, 284 U.S. 299 (1932), to determine whether Woods was charged in violation of the Double

Jeopardy Clause. *See United States v. Gibbons*, 994 F.2d 299, 301 (6th Cir. 1993) ("The general test for compliance with the double jeopardy clause looks to 'whether each provision requires proof of a fact which the other does not.'" (quoting *Blockburger*, 284 U.S. at 304)). The magistrate judge analyzed the elements of 18 U.S.C. § 922(g)(1) alongside those of 18 U.S.C. § 922(n), and concluded that "each provision requires proof of a fact that the other does not." [Record No. 158, p. 12] Specifically, § 922(g)(1) does not require that a defendant be under indictment at the time he commits the offense, while § 922(n) does not require that the defendant be a convicted felon. [*Id.*]

Woods argues that *Blockburger* is inapplicable, and "the better way is to read and apply the plain meaning of the provisions of 18 U.S.C. [§] 922(g)(1) and (n). Both require having a firearm 'that was shipped or transported in either interstate or foreign commerce.'" [Record No. 159, p. 10] In other words, because the two statutes share *one* common element, Woods believes conviction under both would violate the Double Jeopardy Clause. Woods' formulation does not square with the Supreme Court's. *See Blockburger*, 284 U.S. at 304. The "plain meaning" does not provide a compelling reason to set aside the *Blockburger* test. The magistrate judge correctly concluded that each statute — 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 922(n) — requires proof of one element that the other does not. Thus, an indictment charging both is not multiplicitous and does not violate the Double Jeopardy Clause.

Because the indictment did not violate the Double Jeopardy Clause, counsel was not ineffective for failing to argue otherwise. *See Mapes v. Coyle*, 171 F.3d 408, 430 (6th Cir.

1998) (counsel has no duty to raise frivolous arguments); *United States v. Wilson*, 976 F.2d 734 (table), 1992 U.S. App. LEXIS 23291, at *3 (6th Cir. Sept. 15, 1992) (holding that counsel's failure to object to indictment as multiplicitous was "not an error at all because [the two counts] were not multiplicitous"). For the same reason, Woods' defense was not prejudiced by either trial or appellate counsel's choice not to raise the issue. Thus, his argument fails both prongs of the *Strickland* test. 466 U.S. at 687.

### III.

Woods also has filed a motion to appoint counsel. [Record No. 160] He argues that "after showing the Magistrate Report is highly flawed by the record on substantial constitutional violations," he is entitled to counsel. In short, Woods is not entitled to counsel in this proceeding. A petitioner in a habeas proceeding has no constitutional right to counsel. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). 18 U.S.C. § 3006A(a)(2)(B) provides that when a petitioner is seeking relief under § 2255, "representation *may* be provided" when "the interests of justice so require." *Id.* (emphasis added). The decision to appoint counsel, when there is no evidentiary hearing, is within the discretion of the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). *But see* Rules Governing § 2255 Proceedings, R. 8 ("If an evidentiary hearing is warranted, the judge *must* appoint an attorney . . . ." (emphasis added)). In this case, no evidentiary hearing is necessary. Further, no counsel is necessary. Woods submitted a well-reasoned § 2255 motion and his own objections to the magistrate judge's recommendation. The Court finds no reason to believe the interests of justice require

appointment of an attorney to take any additional steps. Therefore, the Court will deny Woods' motion for an attorney.

### IV.

Woods has not shown an error of constitutional magnitude to justify § 2255 relief. He has not shown that his counsels' performance prejudiced his defense. His ACCA enhancement was proper and his indictment was not multiplicitous. Therefore, even insufficient arguments concerning these points did not cause prejudice. Further, Woods has not shown that a Certificate of Appealability should issue.[6] Accordingly, it is hereby

**ORDERED** as follows:

1. The magistrate judge's Recommended Disposition [Record No. 158] is **ADOPTED** and **INCORPORATED** by reference.

2. Woods' objections to the Recommended Disposition [Record No. 159] are **OVERRULED**.

3. Woods' motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, [Record No. 135] is **DENIED**.

---

6  A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). In the present case, Woods has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

4. Woods' motion to appoint counsel [Record No. 160] is **DENIED**.

5. A Certificate of Appealability shall not issue because Woods has not made a substantial showing of the denial of any substantive constitutional right;

6. This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the Court's docket.

This 5th day of August, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge